1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Robert High,

               Plaintiff,

    v.

NDOC, et al.,

               Defendants.

Case No. 2:23-cv-00847-APG-DJA

**Order**

Before the Court is pro se Plaintiff Robert High's emergency motion for appointment of counsel (ECF No. 22) and his motion requesting issuance of summons (ECF No. 27). Because the Court finds that Plaintiff has not demonstrated exceptional circumstances, the Court denies his motion for appointment of counsel without prejudice. Because the Court finds that Plaintiff's motion for summonses is premature, the Court denies it.

**I.      Motion for appointment of counsel.**

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

The Court denies Plaintiff's motion because it does not find that he has demonstrated exceptional circumstances. Plaintiff asserts that part of the basis for his case is the prison's denial of medical care, which he claims is ongoing. He adds that he has no access to the Ely State

1    Prison law library.  However, while the Court recognizes the gravity of Plaintiff's allegations, his

2    case is not unlike those of other incarcerated litigants.  Additionally, Plaintiff has not explained

3    why he has no access to the law library or what alternative access he may or may not have.

4         Ultimately, it is unclear if Plaintiff's case will succeed on the merits because it is in its

5    very early stages, having just begun proceeding after the parties' settlement efforts.  Plaintiff has

6    also demonstrated an ability to articulate his claims pro se as demonstrated by the instant motion

7    and his other filings, despite his stated lack of access to the law library.  The Court thus denies

8    Plaintiff's motion for appointment of counsel without prejudice.

9    **II.    Motion for summons.**

10        Plaintiff moves the Court to order service on three Defendants for whom the Office of the

11   Attorney General ("OAG") could not accept service.  (ECF No. 27).  The first of these

12   Defendants is Dr. Mirit Avram.  However, this Defendant has already accepted service.  (ECF

13   No. 26).  So, the Court denies Plaintiff's motion as to this Defendant as moot.

14        The other two Defendants are individuals who Plaintiff previously named as John Doe

15   Medical Director and John Doe Director of Nursing.[1]  The OAG explained that it could not

16   identify these individuals and thus could not accept service on their behalf.  (ECF No. 25).  In his

17   motion, Plaintiff identifies John Doe Medical Director as Dr. Kenneth Williams and identifies

18   John Doe Director of Nursing as Nurse Ryan.  Plaintiff asks the Court to issue summonses to

19   these Defendants.

20        However, because these Defendants are not named in the complaint, they cannot be served

21   with process.  *Corry v. Alameda County Sheriff's Office*, No. C-12-5152 EMC (pr), 2013 WL

22   550669, at *1 (N.D. Cal. Feb. 12, 2013).  Plaintiff must first move to amend his complaint to

23   include the names of Dr. Kenneth Williams and Nurse Ryan in place of John Doe Medical

24   Director and John Doe Director of Nursing.  The Court thus denies Plaintiff's motion for issuance

25   of summons as premature.

26

27

28

---

[1] Plaintiff identified two John Doe Directors of Nursing in his complaint, but only names one in his motion.

1    **IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel

2    (ECF No. 22) is **denied without prejudice.**

3    **IT IS FURTHER ORDERED** that Plaintiff's motion requesting issuance of summons

4    (ECF No. 27) is **denied** as moot regarding Dr. Avram and premature as to Dr. Kenneth Williams

5    and Nurse Ryan.

6

7    DATED: October 29, 2024

8    _____

9    DANIEL J. ALBREGTS
     UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28