UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Robert High,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NDOC, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:23-cv-00847-APG-DJA<br><br>**Order** |

Before the Court is pro se Plaintiff Robert High's motions for appointment of counsel (ECF Nos. 38, 47) and motions to extend time (ECF Nos. 39, 43). Because the Court finds that Plaintiff has not demonstrated exceptional circumstances, it denies Plaintiff's motions for appointment of counsel. (ECF Nos. 39, 43). Because the Court finds that Plaintiff's first motion to extend time is moot, it denies it. (ECF No. 39). However, because the Court finds that Plaintiff has shown good cause to extend discovery in his second motion, the Court grants it. (ECF No. 43).

**I.　　Motions for appointment of counsel.**

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

In Plaintiff's motion for appointment of counsel filed on January 15, 2025, Plaintiff explains that he suffers from spinal disabilities that make it difficult for him to sit, walk, twist, bend, and lift and that hinders his ability to concentrate for long periods and to write. (ECF No. 38). Plaintiff asserts that he cannot litigate his case without counsel because he is restricted to his bed for most of the day. (*Id.*). In his motion for appointment of counsel filed on March 25, 2025, Plaintiff gives detailed reasoning and case law to support his argument that the Court should appoint him counsel. Plaintiff argues that his case is factually complex because it involves medical indifference and so, a medical expert will be necessary. Plaintiff asserts that he is unable to adequately investigate the facts of his case because he is in segregation. So, he has no access to the law library and instead must request legal authority via institutional mail, which mail is sometimes lost. The number of requests Plaintiff can make for legal authority are also limited and Plaintiff is unable to possess his medical records, which are vital in this case. Plaintiff adds that, the fact that he is in segregation means that he is essentially in the same position as an inmate who had been transferred to another institution because he cannot identify or interview potential inmate witnesses. Plaintiff asserts that his version of events and Defendants' sharply contrast and so, counsel will be helpful in addressing the disparity. Plaintiff adds that he is indigent and completely reliant on a prisoner assistant who has also been the subject of retaliation and destruction of legal materials. Plaintiff concludes that he has demanded a jury, which increases the complexity of his case, and asserts that his case is meritorious.

The Court denies Plaintiff's motion because it does not find that he has demonstrated exceptional circumstances. Plaintiff has alleged claims related to Defendants' denial of medical care and use of excessive force, which claims have passed screening. But screening is a preliminary bar, and simply determines whether a plaintiff has stated a claim upon which relief can be granted, not whether that claim will ultimately be successful. And while Avram has filed a motion for summary judgment, Plaintiff has not yet responded to that motion and no other Defendants have filed dispositive motions. So, the Court has not yet had the opportunity to determine the merits of Plaintiff's case beyond screening. The "likelihood of success on the

merits" prong does not weigh in favor of granting Plaintiff's motion at this stage in the case, but could potentially warrant counsel at some future stage.

This is particularly true because Plaintiff has demonstrated an ability to articulate his claims pro se in light of their complexity. In his January 15, 2025, motion, Plaintiff asserted that he is dealing with significant physical barriers to working on his case. However, a few months later, Plaintiff nonetheless filed a detailed motion explaining why he believes he is entitled to counsel and the challenges he is facing and providing case law to support his position. In that motion, Plaintiff also indicates that he has been able to rely on the help of another inmate to pursue his case. Additionally, the struggles Plaintiff describes in his March 25, 2025, motion are struggles that all inmates in segregation must face when litigating their claims. And, as outlined more below, Plaintiff has indicated an ability to seek extensions of time when necessary. So, he has demonstrated an ability to address the setbacks he faces in segregation. Plaintiff has also not identified any specific witnesses he has been unable to locate or depose because of his segregated status or indicated whether he has attempted to do so and been thwarted. Plaintiff also does not indicate whether, despite the fact that he cannot possess his medical records, he has been unable to view or use his medical records at all, or that the manner in which he has been able to view or use those records has been prohibitive. And while Plaintiff indicates that he has sought a jury trial and that his case is complex and contested, Plaintiff's case has not yet reached the trial stage. Again, counsel may at some point be appropriate in this case. But not at this stage. The Court denies Plaintiff's motions for appointment of counsel without prejudice.

**II.    Motions to extend discovery.**

Discovery is currently set to close on March 11, 2025. (ECF No. 35). On February 19, 2025, Plaintiff moved for a ninety-day extension of discovery and for an additional forty-five days to respond to discovery requests propounded by Defendant Huggins. (ECF No. 39). Plaintiff explains that he attempted to communicate with Huggins' counsel regarding the extension, but did not get a response, so he seeks the extensions in an abundance of caution. Huggins did not oppose Plaintiff's motion for a ninety-day extension of discovery in response. (ECF No. 41). Huggins explains, however, that his counsel had a call with Plaintiff and the

parties agreed that Plaintiff would respond to Huggins' discovery requests on March 11, 2025. So, Huggins asks that the Court deny Plaintiff's request for an additional forty-five days to respond to Huggins' request as moot. Plaintiff did not file a reply.

On March 4, 2025, Plaintiff filed a new motion for a ninety-day extension of discovery and for an additional forty-five days to respond to Defendant Avram's discovery requests. (ECF No. 43). Plaintiff explains that he attempted to communicate with Avram's counsel regarding the extension but did not get a response. So again, he seeks the extensions in an abundance of caution. Avram responded and does not oppose the motion. (ECF No. 44).

The Court denies Plaintiff's first motion as moot and grants his second motion. Because both of Plaintiff's motions seek a ninety-day extension of discovery, Plaintiff's first request is moot. Because Plaintiff has resolved his request for an extension of time to respond to Huggins' discovery request, his first request is also moot in that regard. Avram has also not opposed Plaintiff's second request and no other party has filed a response, constituting their consent to the Court granting Plaintiff's motion. *See* LR 7-2(d). Additionally, the Court finds that Plaintiff has shown good cause for the extension. *See* Fed. R. Civ. P. 16(b)(4); *see* LR 26-3.

///

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's motions for appointment of counsel (ECF No. 38, 47) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend discovery (ECF No. 39) is **denied as moot** and his renewed motion to extend discovery (ECF No. 43) is **granted.** Plaintiff shall have until April 21, 2025, (which is forty-five days after his responses were originally due)[1] to respond to Avram's discovery requests. Additionally, the Court extends the discovery deadline, and all deadlines following it, by ninety days as outlined below:

| | |
|---|---|
| Discovery cutoff: | June 9, 2025 |
| Discovery motions: | June 23, 2025 |
| Motions for summary judgment: | July 9, 2025 |
| Joint pretrial order: | August 8, 2025[2] |

DATED: April 17, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff asserts that he received Avram's requests for production, requests for admission, and interrogatories on February 5, 2025. The deadline for responding to all three of those discovery requests is thirty days after service, in this case March 7, 2025. *See* Fed. R. Civ. P. 34(b)(2)(A) (requests for production); *see* Fed. R. Civ. P. 33(b)(2) (interrogatories); *see* Fed. R. Civ. P. 36(a)(3) (requests for admission).

[2] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.