# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Robert High, | Case No. 2:23-cv-00847-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| NDOC, et al., | |
| Defendants. | |

This is a civil rights violation case by *pro se* plaintiff Robert High, an inmate at High Desert State Prison, against the Nevada Department of Corrections ("NDOC"), Officer Huggins (a correctional officer at High Desert), and others. Plaintiff alleges that Huggins assaulted him and that NDOC staff denied him medical attention and took retaliatory actions against him. (ECF No. 8). Before the Court is Huggins's motion to extend discovery deadlines (ECF No. 52)[1] and motion to compel Plaintiff to provide supplemental responses to Huggins's interrogatories (ECF No. 55). Plaintiff has filed a response to the motion to compel (ECF No. 56), in which response he also requests that the Court "grant[] plaintiff permission to meet and confer with his Inmate Legal Assistant…," as well as appoint him counsel. (ECF No. 56 at 5). Additionally, Plaintiff has filed two improper surreplies—which he titles "motions in support"—addressing Defendant's reply. (ECF Nos. 61, 62). Huggins moves to strike Plaintiff's surreplies. (ECF Nos. 65, 66).

Because discovery and litigation of an action involving an incarcerated Plaintiff presents unique difficulties, the Court finds that Huggins has shown good cause and **grants** his motion to extend discovery. (ECF No. 52). Additionally, the Court **grants** Huggins's motion to compel discovery because the interrogatories at issue are relevant and proportional. (ECF No. 55). The Court **denies** Plaintiff's requests for permission to meet with his "inmate legal assistant" and for

---

[1] Defendant Huggins incorrectly labels this motion as ECF No. 51. (ECF No. 52 at 1).

counsel, improperly raised in his response and surreply (ECF No. 56), because he is not entitled to access to any specific inmate assistant and because he has not demonstrated exceptional circumstances to justify appointing counsel. Plaintiff's surreplies appear to be identical and, as noted above, are improper. (ECF Nos. 61, 62). The Court therefore **denies** Plaintiff's "motions in support," **grants** Huggins's motion to strike, and **strikes** the surreplies from the docket, while noting that they contain similar requests for access to Plaintiff's inmate counsel substitute, and for appointment of counsel. (ECF Nos. 61, 62, 65, 66).

I. **Huggins's motion for extension of discovery deadline.**

Huggins moves the Court to extend the discovery deadline, which is currently June 9, 2025. (ECF No. 51). This is the third extension request overall, and the first by this Defendant. (ECF Nos. 39, 43). Huggins filed this motion twenty-one days before the current deadline, and so the Court examines it under the good cause standard. Nevada Local Rule 26-3.[2] The good cause standard primarily considers the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 699 (9th Cir. 1992). The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). A motion to extend scheduled deadlines must include a proposed schedule for completing all remaining discovery. LR 26-3.

Here, Huggins indicates that the delay, and subsequent request to extend time, originates from the difficulty in timely communication and coordination with Plaintiff. (ECF No. 52 at 2). Courts in the Ninth Circuit historically treat litigation involving incarcerated, *pro se* litigants with leniency regarding filing and other deadlines.[3] Plaintiff has also not responded to the motion to extend discovery, which constitutes consent to the granting of the motion. LR 7-2(d). The Court

---

[2] This refers to the Local Rules of Practice for the United States District Court for the District of Nevada, which can be found online at https://www.nvd.uscourts.gov/court-information/rules-and-orders/

[3] *See, e.g.*, *Faile v. UpJohn Co.*, 988 F.2d 985, 988-89 (9th Cir. 1993) (adjusting the requirements of timely service to account for the differences between incarcerated and non-incarcerated litigants); *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987) (expanding opportunities for incarcerated, *pro se* litigants to amend pleadings).

therefore finds good cause to extend the deadline as litigation involving incarcerated, *pro se* litigants is inherently more challenging than litigation involving only non-incarcerated parties.

**II.     Huggins's motion to compel discovery.**

Also before the Court is Huggins's motion to compel discovery. (ECF No. 55). Huggins lists thirteen interrogatories which he sent to Plaintiff, and which Huggins argues Plaintiff did not adequately answer. (*Id.*). Defendant Huggins has grouped the interrogatories into four categories: witness related requests, grievance related requests, medical condition related requests, and use of force related requests. Huggins has listed each interrogatory's number, its substance, and the response to each request. (*Id.*).

**A.     Legal standard.**

Under Federal Rule of Civil Procedure 37(a)(1)[4], a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The Nevada Local Rules also require a meet and confer conference. Those rules provide that the Court will not consider discovery motions "unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." LR 26-6(c). *Pro se* litigants must follow the same rules of procedure that govern other litigants, although, as addressed above, courts provide incarcerated litigants some leniency. *See Sanchez v. Rodriguez*, 298 F.R.D. 460, 470 (C.D. Cal. 2014) (*citing King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

Additionally, "[a] court cannot order the production of documents that it has no reason to believe exist." *Mizrahi v. Google LLC*, 732 F.Supp.3d 1068, 1070 (N.D. Cal. 2024). If a responding party's reasonable search fails to locate any documents responsive to a particular request, the response to the request should state as much. *Id.* "A requesting party's mere

---

[4] The Federal Rules of Civil Procedure provide the rules governing civil litigation in the United States Federal Court system. They can be found online at https://www.federalrulesofcivilprocedure.org/frcp/

suspicion that additional documents exist is an insufficient basis to grant a motion to compel." *Id.* (internal citations and quotations omitted).

FRCP 26(b) outlines the scope of discoverable material. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). When objecting to a discovery request, the objecting party "must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments." *Teal Petals St. Trust v. NewRez, LLC*, No. 2:22-cv-00395-JAD-DJA, 2024 WL 4839720, at *4 (D. Nev. Nov. 20, 2024).[5]

**B.    Discussion.**

Here, Huggins's discovery requests all directly relate to the claims made by Plaintiff in this case. Huggins is asking for information regarding witnesses to the events in question, the grievances Plaintiff filed which relate to the claims made against Huggins, Plaintiff's medical history as it relates to the claims made in this case, and the force used against Plaintiff during Huggins's allegedly excessive use of force. (ECF No. 55). Plaintiff responded to the motion to compel, detailing the difficulty which he faces in litigating his claims. (ECF No. 56). However, he does not argue that his previous responses to the interrogatories were adequate, or argue that the interrogatories themselves are irrelevant, unduly burdensome, or otherwise objectionable. (*Id.*).

The Court is sympathetic to the difficulties which Plaintiff (and all incarcerated litigants) face in pursuing claims in a court of law. However, the interrogatories at question in this case are relevant to the claims of the case and Plaintiff has not argued that the interrogatories are unduly burdensome. While Plaintiff explains that he has some difficulty in accessing medical or legal documents to help him respond to the requests, he does not argue that he has exhausted all

---

[5] *See also Williams v. Garrett*, No. 3:22-cv-00264-CLB, 2024 WL 1675445, at *2 (D. Nev. Apr. 18, 2024) (denying motion to compel when a party objected to a discovery request involving protected information about a third-party inmate); *Westbrook v. GES Exposition Servs., Inc.*, No. 2:05-cv-00532-KJD (GWF), 2006 WL 8441954, at *3 (D. Nev. May 24, 2006) (denying motion to compel production where requests were irrelevant to the claims involved in the case).

avenues to obtain or access these documents and does not assert that he is entirely prevented from doing so. (ECF No. 56). Plaintiff does not argue that any of the interrogatories are irrelevant, or overly burdensome, only that he is having difficulty responding to them. (*Id.*). While difficulty responding to discovery may justify Plaintiff asking Huggins for an extension of time or some other accommodation in responding, it does not justify Plaintiff not responding at all. So, the Court grants Defendant Huggins's motion to compel and orders Plaintiff to answer, to the best of his abilities, interrogatory numbers 1, 2, 3, 7, 8, 9, 12, 14, 15, 16, 17, 19, and 20.

### III. Plaintiff's requests.

In his response to Defendant's motion to compel discovery (ECF No. 56), Plaintiff requests that the Court issue "an order granting plaintiff permission to meet and confer with his Inmate Legal Assistant…." and to appoint him counsel. (ECF No. 56 at 5). The Court instructs Plaintiff that, according to the Nevada Local Rules, all "motion[s] must be supported by a memorandum of points and authorities." LR 7-2(a). Plaintiff must provide the legal basis for any motion or request he brings before this Court. These requests, raised in a responsive filing to Huggins's motion and absent cited, relevant authorities, are therefore improper. However, the Court liberally construes this *pro se* filing and will address the requests. The Court denies both for the reasoning below.

### A. Request for access to inmate counsel substitute.

Plaintiff first requests an order allowing him access to his "Inmate Legal Assistant" but provides no legal basis for this Court to make such an order. (ECF No. 56 at 5). While it is true that inmates have a constitutionally protected right to seek assistance from inmate counsel substitutes generally, Plaintiff is "not entitled to assistance from an inmate of his choosing." *Paulo v. Williams*, No. 2:19-cv-00474-APG-NJK, 2021 WL 3409242, at *1 (D. Nev. Aug. 4, 2021).[6] Therefore, as Plaintiff is not alleging a violation of his constitutional right to access other

---

[6] *See also Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (incarcerated plaintiff "does [not] have any right to the services of a particular writ writer.").

inmates and resources generally for assistance in furthering his legal claims, the Court denies his request to allow him access to a specific inmate.

### B. Request for appointment of counsel.

Plaintiff additionally requests the "appointment of counsel to represent plaintiff in the interest of fairness and due to the exceptional circumstances presented herein." (ECF No. 56 at 5). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Here, neither of the factors in *Palmer*, likelihood of success on the merits or the ability of Plaintiff to articulate his claims, weigh in favor of the Court appointing Plaintiff counsel. This Court cannot yet determine the likelihood of success, and Plaintiff continues to demonstrate an ability to both articulate his claims and file his motions. Plaintiff gives detail regarding his difficult situation, specifying that he is in (as of June 3, 2025, the filing date for ECF No. 56) twenty-four-hour lockdown. (ECF No. 56 at 4). He does not, however, explain to the Court how this impacts his ability to litigate his claims. Additionally, being in administrative segregation is itself not an exceptional circumstance. *See Sullivan v. Warden of S. Desert Corr. Facility*, No. 2:23-cv-01203-JAD-NJK, 2025 WL 1645234, at *2 (D. Nev. June 10, 2025). Plaintiff was able to file ECF No. 56 and appears to maintain his access to the resources in the prison law library as well as to other inmates and legal resources generally. As Plaintiff neither establishes that there is some likelihood that he will succeed on his claims, nor that he is unable to litigate or articulate his claims beyond the current stage of litigation, the Court does not find exceptional circumstances. The Court denies Plaintiff's request without prejudice.

| | |
|---|---|
| 1 | **IV.     Plaintiff's surreplies in support of his requests.** |

Plaintiff additionally filed briefs in support of his response to Defendant's motion to compel. (ECF Nos. 61, 62). The filings appear to be identical. The Court finds these briefs to be surreplies, which Plaintiff has improperly raised, as parties must request leave of the court to file surreplies, and the Local Rules discourage motions for leave to file surreplies. *See* LR 7-2(b). The Court did review the filings, however, and notes that Plaintiff addresses some of the circumstances surrounding his current confinement status, and again seeks appointment of counsel and to be allowed access to his inmate counsel substitute. (ECF Nos. 61, 62). But Plaintiff's surreplies, even if the Court were to consider them, do not present information which changes the Court's decision regarding Huggins's motion to compel. (*Id.* at 6). They also do not present information or caselaw that would change the Court's decision on Plaintiff's requests for access to his inmate counsel substitute or for appointment of counsel. For the reasons stated above, Plaintiff does not have the legal right to access a specific inmate counsel substitute, nor is Plaintiff entitled to appointed counsel at this time.

**V.     Defendant's motions to strike Plaintiff's surreplies.**

Defendant Huggins filed two identical motions to strike Plaintiff's improper surreplies. (ECF Nos. 65, 66). As stated above, Plaintiff's surreplies are both improper and would not change the Court's analysis on the underlying requests and motions. The Court has "inherent authority to manage its dockets and courtrooms..." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). The Court grants Defendant Huggins's motions to strike.

///
//
//
//
//
//
//
///

**IT IS THEREFORE ORDERED** that Huggins's motion to extend discovery (ECF No. 52) is **granted**. Because certain of Huggins's proposed deadlines have passed, the Court *sua sponte* extends the discovery deadline, and all deadlines following it, by ninety days from their previous dates, as outlined below:

| | |
|---|---|
| Discovery cutoff: | September 8, 2025 |
| Discovery motions: | September 22, 2025 |
| Motions for summary judgment: | October 8, 2025 |
| Joint pretrial order: | November 10, 2025[7] |

**IT IS FURTHER ORDERED** that Defendant's motion to compel discovery responses (ECF No. 55) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's request for access to his inmate counsel substitute and request for the Court to appoint counsel, raised improperly in his response to Defendant's motion to compel, (ECF No. 56) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's motions in support of his response (ECF Nos. 61, 62), raised as improper surreplies, are **denied.**

**IT IS FURTHER ORDERED** that Defendant's motions to strike Plaintiff's improper surreplies (ECF Nos. 65, 66) are **granted.** The Clerk of Court is kindly directed to **strike** ECF Nos. 61 and 62 from the docket.

DATED: July 11, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[7] Under Local Rule 26-1(b)(5), if the dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.