UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT HIGH, | Case No.: 2:23-cv-00847-APG-DJA |
| Plaintiff | **Order (1) Granting Dr. Avram's Motion for Summary Judgment, and (2) Denying Dr. Avram's Motion for a Hearing** |
| v. | |
| NDOC, et al., | [ECF Nos. 49, 79] |
| Defendants | |

      Robert High, an inmate at High Desert State Prison (HDSP) during the events at issue, sues the Nevada Department of Corrections, Mirit Avram, M.D., and other defendants for claims arising from an alleged assault by correctional officers. As a result of the assault, High sustained chronic neck, shoulder, back, and hip pain. Dr. Avram, a doctor at HDSP, began diagnosing and treating High several months after the alleged assault, and High alleges that her medical care was inadequate under the Eighth Amendment. Dr. Avram moves for summary judgment. Because Dr. Avram is entitled to qualified immunity, I grant her motion. Dr. Avram also moves to set a hearing on her summary judgment motion, which I deny as moot.

**I. BACKGROUND**

      High alleges that on December 16, 2022 he was assaulted by correctional officers at HDSP after a "mandown," a medical episode similar to calling 911. ECF No. 8 at 2, 5, 9. Before seeing Dr. Avram, High was treated by other HDSP medical personnel. *Id.* at 6. There is no evidence that Dr. Avram saw High before May 22, 2023. *Id.* at 7; ECF No. 49-8 at 15-20.

      At his initial screening with Dr. Avram, High explained he was "still in chronic pain from being assaulted," and alleges "Dr. Avram ignored High's request for medical care." ECF No. 8 at 7. The medical notes from that appointment are nearly illegible but appear to indicate that labs,

prescriptions, an x-ray based on neck pain, and a follow up were ordered. *See* ECF No. 49-8 at 17, 20.  The next entry in High's medical record is six weeks later in July, when Dr. Avram ordered an MRI for High that was scheduled for October 26, 2023. *Id.* at 11-14, 16-17, 20. There is no evidence of the MRI results, and High alleges "Dr. Avram continues to deny [him] his MRI results from 10/26/23." ECF No. 8 at 7.

Dr. Avram next saw High on August 7, 2023.  Dr. Avram ordered several prescriptions, including Flexeril, meloxicam, and Tylenol, and a follow up for several weeks later. ECF No. 49-8 at 16, 19.  High alleges the follow up never occurred and that the medication did not alleviate his chronic neck, shoulder, back, and hip pain. ECF No. 8 at 7.

On November 27, 2023, Dr. Avram saw High again, recorded his vitals, and ordered another MRI, an orthopedic surgeon referral, and more prescription medication, including a z-pak. ECF No. 49-8 at 2-10, 15, 18.  At the time High filed his second amended complaint on February 5, 2025, he alleged that he "continues to suffer daily in extreme chronic pain and without any follow ups which have all been ignored" and that the November MRI and orthopedic referral have not occurred. ECF No. 8 at 7.  However, Dr. Avram submitted evidence that High saw an orthopedic surgeon on February 13, 2024 and was scheduled for the second MRI on March 5, 2024. ECF No. 49-8 at 2-9.

High alleges he made HDSP medical, including Dr. Avram, "fully aware that [he] has serious medical needs" and that he sent medical kites about his chronic pain 14 times from April to October 2023. ECF No. 8 at 8.  He claims he "continues to complain to medical about still being in chronic pain, which Dr. Avram and medical still ignore." *Id.* at 7.

High originally brought this case against several defendants, including Dr. Avram, on May 30, 2023. ECF No. 1.  He filed the operative complaint on February 5, 2025, and Dr. Avram

2

filed for summary judgment on April 10, 2025. ECF Nos. 8; 49.  The court sent High a *Klingele v. Eikenberry*[1] warning about the failure to respond to a summary judgment motion, but he failed to respond, and Dr. Avram filed a notice of non-opposition on June 12, 2025. ECF Nos. 50; 58.  On October 8, 2025, Dr. Avram filed a motion asking the court to set a hearing on her summary judgment motion. ECF No. 79.  High responded to that motion, and Dr. Avram replied. ECF Nos. 80; 82.

**II.  ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial.").  I view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

---

[1] 849 F.2d 409 (9th Cir. 1988).

I may not grant a motion for summary judgment simply because the nonmoving party did not file an opposition. *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994). However, it is not my task to "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quotation omitted). Rather, the nonmoving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Id.* (quotation omitted).

### A. I grant Dr. Avram's motion for summary judgment.

Dr. Avram argues she is entitled to qualified immunity. In response to Dr. Avram's motion to set a hearing, High contends for the first time that Dr. Avram's failure to discontinue his thyroid medication caused serious anxiety and mandowns, including the one on December 16, 2022 that resulted in the alleged assault by correctional officers.

The government is obligated "to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "Deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment's prohibition on cruel and unusual punishment. *Id.* at 104. To establish a claim for deliberate indifference to serious medical needs, a plaintiff must show (1) a "serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) the defendant was "deliberately indifferent" to the need. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotations omitted). This second prong requires that the defendant knew of and disregarded an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Prison officials may be deliberately indifferent when they "deny, delay or intentionally interfere with medical treatment" but the "inadvertent or negligent failure to provide adequate medical care alone does not state a claim." *Jett*, 439 F.3d at 1096 (simplified). "Mere disagreement with a medical treatment plan is not deliberate indifference"

4

but "[a]t some point 'wait and see' becomes deny and delay." *Stewart v. Aranas*, 32 F.4th 1192, 1194-95 (9th Cir. 2022). A delay in treatment can be deliberate indifference "if it results in injury." *Id.* at 1195.

Qualified immunity protects government officials who allegedly violate constitutional rights from civil liability if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quotation omitted). To determine whether a state actor is entitled to qualified immunity, courts ask "(1) whether the official's conduct violated a constitutional right; and (2) whether that right was clearly established at the time of the violation." *Carley v. Aranas*, 103 F.4th 653, 659 (9th Cir. 2024) (quotations omitted). If the answer to either question is no, the official is entitled to qualified immunity. *Id.*

Even accepting all of High's allegations as true, he has failed to raise a genuine dispute that Dr. Avram violated his Eighth Amendment rights.[2] The undisputed evidence and High's own allegations show that in the approximately nine months from when Dr. Avram first saw High until when he filed the operative complaint, Dr. Avram saw High three times, recorded his vital signs, prescribed him medication, ordered two MRIs, and ordered an orthopedic referral. Based on these facts, no reasonable jury could find that Dr. Avram was indifferent to High's chronic pain. Even assuming Dr. Avram never received results from High's October MRI, a month later she ordered another MRI.

High's contentions appear to be that Dr. Avram delayed his treatment and failed to treat his chronic pain. However, the nine-month time frame at issue is insufficient to turn this into a

---

[2] High is entitled to all reasonable inferences and to have the evidence viewed in a light most favorable to him. *Jett*, 439 F.3d at 1096-98.

case of "deny and delay." *See Stewart*, 32 F.4th at 1195-96 (holding that prison officials' three-year "wait and see" plan that resulted in kidney disease, erectile dysfunction, and pain was deliberately indifferent to the plaintiff's serious medical needs). Delays in appointment scheduling with outside providers are subject to reasons outside of Dr. Avram's control, like Utilization Review Panel approval and radiology/orthopedic scheduling. ECF Nos. 8 at 7; 49-3 at 4-5; 49-8 at 2-14. Moreover, I am sensitive to High's complaints of daily pain, but Dr. Avram prescribed him medication and he does not allege how any delay in treatment by Dr. Avram resulted in additional or increased injury. *See Stewart*, 32 F.4th at 1195 ("A delay in treatment can violate the constitution if it results in injury."). At most, High disagrees with Dr. Avram's treatment plan, which is insufficient to maintain an Eighth Amendment claim. *See Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc) ("[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.").

Taking High's allegations as true, there are no material facts demonstrating Dr. Avram consciously treated him in a "medically unacceptable" way. *Hamby v. Hammond*, 821 F.3d 1085, 1094 (9th Cir. 2016) (quotations omitted). High sent numerous medical kites to HDSP medical, the last of which was sent on October 14, 2023, before Dr. Avram ordered the orthopedic referral and second MRI. ECF Nos. 8 at 8; 49-8 at 3, 6, 10, 15. So even assuming all the kites reached Dr. Avram, there is no indication she knew of and disregarded an excessive risk to High's health or safety after the October MRI and November appointment. Dr. Avram saw High consistently during the entire period he sent medical kites and reviewed High's record on her own accord in July, ordering High an MRI. High alleges Dr. Avram "ignored [his] request for medical care,"

6

1 | but High must do more than raise conclusory allegations; he must designate specific facts
2 | showing that there is a genuine issue for trial. ECF No. 8 at 7; *Soremekun v. Thrifty Payless, Inc.*,
3 | 509 F.3d 978, 984 (9th Cir. 2007).

4 |     Finally, in response to Dr. Avram's motion to set a hearing, High argues for the first time
5 | that Dr. Avram should have reduced his thyroid medication. ECF No. 80 at 2-4; *see also* ECF
6 | No. 8 at 9.  This allegation is not in High's second amended complaint and raising it in response
7 | to Dr. Avram's motion for a hearing is the wrong vehicle to raise a new claim.  While I view a
8 | pro se plaintiff's pleadings liberally, addressing this new allegation at this stage would be
9 | improper and I will not treat it as a motion to amend.

10 |     Dr. Avram is entitled to qualified immunity because High fails to allege that she violated
11 | his constitutional rights.  Because Dr. Avram succeeds on the first prong of qualified immunity,
12 | there is no need to address whether the allegedly violated rights were clearly established. *See*
13 | *Pearson*, 555 U.S. at 236 (holding that judges have discretion to determine which of the two
14 | prongs should be addressed first but acknowledging it is "often beneficial" to begin with the
15 | first).  Even if High alleged that Dr. Avram committed a constitutional violation, she would also
16 | succeed on the second prong of qualified immunity because Dr. Avram operated within the
17 | bounds of NDOC procedures. *See Carley*, 103 F.4th at 661 (asking whether a prison medical
18 | director would have been on notice that the prison's policies were unconstitutional at the time);
19 | *Hamby*, 821 F.3d at 1092 (asking whether viewing the evidence most favorably to the plaintiff
20 | made it "'beyond debate'" that the prison officials pursued a "medically unreasonable course of
21 | treatment").  Thus, I grant Dr. Avram's motion for summary judgment.

22
23

**B.  I deny Dr. Avram's motion to set a hearing.**

Dr. Avram's request for a hearing seems to be based on preventing "further delay" and ensuring the "orderly progression of discovery and case management." ECF No. 79 at 2.  As I am granting Dr. Avram's summary judgment motion based on the pleadings, a hearing is unnecessary.[3]

**III.  CONCLUSION**

I THEREFORE ORDER that Dr. Avram's motion for summary judgment **(ECF No. 49) is GRANTED.**

I FURTHER ORDER that Dr. Avram's motion to set a hearing **(ECF No. 79) is DENIED.**

DATED this 26th day of November, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] To the extent Dr. Avram's motion is an attempt to prompt the court to rule on her summary judgment motion, this motion is improper.  Dr. Avram and her attorneys are directed to Local Rules 7-2(e), 78-1 ("Parties must not file separate motions requesting a hearing"), and IA 7-1.

8