**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

|  |  |
|---|---|
| Robert High, | Case No. 2:23-cv-00847-APG-DJA |
| Plaintiff, |  |
| v. | **Order** |
| NDOC, et al., |  |
| Defendants. |  |

Before the Court is pro se incarcerated Plaintiff Robert High's motion to compel (ECF No. 84) and motion for appointment of counsel (ECF No. 91). The Court addresses each of the requests for production at issue and, as outlined below, grants Plaintiff's motion to compel in limited part, denying the remainder. The Court denies his motion for appointment of counsel.

**I.       Motion to compel (ECF No. 84).**

Plaintiff moves to compel Defendant Alexander Huggins to respond to certain of Plaintiff's discovery requests. (ECF No. 84). Plaintiff argues that he sent discovery requests on April 3, 2025, and then sent dispute letters regarding Huggins failures to "properly comply with discovery request[s]" on July 14, 2025; September 5, 2025; and October 16, 2025. In two of those letters, Plaintiff asked for a telephonic conference with Huggins to address the disputes. But Plaintiff claims that Huggins failed to schedule a call. Plaintiff adds that he sent a second set of requests for production on September 2, 2025. Plaintiff asserts that he did not receive a response to his second set of requests.

Huggins responds and argues that Plaintiff's representation that Huggins failed to respond to his discovery letters, set up a call, or respond to Plaintiff's second set of requests for production

are misrepresentations.[1]  (ECF No. 87).  Huggins asserts that Plaintiff's July 14, 2025, letter failed to include any specific disputes regarding Huggins' responses to Plaintiff's requests for production.  Huggins adds that his counsel ultimately had a call with Plaintiff on August 8, 2025, during which call his counsel informed Plaintiff that Plaintiff needed to send specific disputes for Huggins to respond.  Plaintiff mailed his specific disputes on September 5, 2025, while the State of Nevada was experiencing a cyberattack.  Following the cyberattack, on October 15, 2025, Huggins' counsel responded to Plaintiff's letter, explaining why Huggins did not agree with the dispute.  High also sent his September 2, 2025, requests for production during the cyberattack and Huggins responded on September 16, 2025.  Huggins also argues that Plaintiff has failed to make a threshold showing of relevance and, in any event, Huggins has fully responded and provided sufficient objections to Plaintiff's requests, so there is nothing further for the Court to compel.

In reply, Plaintiff clarifies that he meant that Huggins' counsel did not schedule any telephonic conferences since Plaintiff's September 5, 2025, letter.  (ECF No. 89).  Plaintiff adds that, in response to his September 2, 2025, discovery requests, Huggins responded that the video footage Plaintiff sought did not exist.  But Plaintiff asserts that on March 22, 2025, and July 9, 2025, he was served with a notice of charges which indicates that the charges are supported by video evidence.  Plaintiff asserts that this must mean that NDOC is destroying evidence that is not favorable to it but preserving evidence that is.  Plaintiff also provides relevance arguments for each of the discovery requests at issue.  The Court addresses each request at issue one by one.

---

[1] Huggins adds that Plaintiff's claim that his legal documents have been lost by the prison is false because Plaintiff has copied, verbatim, the legal standard outlined in one of his prior motions to compel.  So, Huggins asks that the Court order Plaintiff to show cause why the Court should not sanction him for his misrepresentations.  In reply, Plaintiff points out that the prison did indeed lose some of his legal materials, but the prison eventually found some of his documents.  Plaintiff asserts that Huggins and NDOC have been concealing video footage and argues that the Court should order Huggins to show cause.

The Court will not address the show cause requests here, in the context of a motion to compel.  If either party wishes to move for sanctions, they must file the appropriate motion rather than raising their arguments in responses and replies related to other motions.

### *A.    Legal standard.*

"Unless otherwise limited by court order ... [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1).  A party may move for an order compelling a response to a request for production of documents if a party fails to produce documents or provides an evasive or incomplete response.  Fed. R. Civ. P. 37(a)(1), (a)(3)(B)(iv), (a)(4).  The motion must include a threshold showing that the requested information is relevant and proportional.  *See Tsatas v. Airborne Wireless Network, Inc.*, No. 2:20-cv-02045-RFB-BNW, 2022 WL 74003, at *2 (D. Nev. Jan. 7, 2022); *see* Fed. R. Civ. P. 26(b)(1).

Thereafter, the party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted.  *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  The party resisting discovery "'must specifically detail the reasons why each request is irrelevant' [or otherwise objectionable,] and may not rely on boilerplate, generalized, conclusory, or speculative arguments."  *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (quoting *Painters Joint Comm. v. Emp. Painters Trust Health & Welfare Fund*, No. 2:10-cv-1385 JCM (PAL), 2011 WL 4573349, at *5 (D. Nev. 2011)).  Arguments against discovery must be supported by specific examples and articulated reasoning.  *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

### *B.    Discussion.*

1. <u>First set of requests for production ("RFP") – RFP 35.</u>

RFP 35: Kindly furnish OIC No. 515250.

Response: Please see documents produced with Bates stamping numbering NDOC001152- NDOC001156. Plaintiff must kite the Warden's Office to review the audio of his disciplinary hearing NDOC001152 as he is not authorized to possess an audio player in his cell.

Plaintiff has not indicated how Huggins' response to this request was deficient.  The Court therefore denies his motion to compel regarding it.

2.      First set of RFPs – RFP 41.

RFP 41: Kindly furnish HDSP Clinic Man Down Logs for December 16, 2022.

Response: Defendant objects to Request for Production No. 41 as irrelevant and disproportional to Plaintiff's needs in pursuing his claims because Defendant is no longer employed with NDOC and has no access to this documentation and the requested information has no likelihood to make the existence of a material fact more or less probable. Based on the foregoing objection, no responsive documents will be forthcoming.

Plaintiff argues for the first time in reply that the information he seeks in this request is relevant to whether Correctional Officer Alfonso Alvarez called a "man down" over the radio for High on December 16, 2022. Plaintiff explains that this is important to refute Huggins' claim that a "man down" was not called and that an unusual occurrence report is drafted when an inmate suffers an injury. The Court finds that this information is relevant to Plaintiff's claims and his theory of the case.

However, the Court sustains Huggins' objection that, because he is no longer employed with NDOC, he cannot obtain the records Plaintiff has requested. Rule 34 of the Federal Rules of Civil Procedure provides that a party on whom a request for production of documents is propounded must be in possession, custody, or control of the requested item. Fed. R. Civ. P. 34(a)(1); *see also Estate of Young v. Holmes*, 134 F.R.D. 291, 293 (D. Nev. 1991). A party is deemed to have control over documents if he or she has a legal right to obtain them. *See Bryant v. Armstrong*, 285 F.R.D. 596, 607 (S.D. Cal. 2012) (citing *Clark v. Vega Wholesale, Inc.*, 181 F.R.D. 470, 472 (D. Nev. 1998)). Records in the possession of a former employer are further removed from the control of that former employee. *McCurdy v. Johnson*, No. 2:08-cv-01767-JAD-PAL, 2013 WL 4506432, at *3 (D. Nev. Aug 23, 2013) (citing *Lowe v. District of Columbia*, 250 F.R.D. 36, 38 (D.D.C. 2008) ("[f]ormer employees of government agencies do not have possession, custody, or control of documents held by their former employers") (internal quotations omitted) and *Lopez v. Chertoff*, No. CV 07-1566-LEW, 2009 WL 1575214, at *2 (E.D. Cal. June 2, 2009) (former employee of public defender's office did not have possession,

custody, or control over former employer's documents or ability to legally demand them)). The burden of establishing control over documents sought is on the party seeking production. *Bryant*, 285 F.R.D. at 607 (citing *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989)). Plaintiff has not shown that Defendant has possession, custody, or control over the documents he seeks. The Court therefore denies his motion to compel regarding this request for production.

> 3.     First set of RFPs – RFP 43.
>
> RFP 43: Kindly furnish Internal Emails of HDSP caseworker Foronda to medical relating to Plaintiff on March 11, 2024.
>
> Response: Defendant objects to Request for Production No. 43 as irrelevant and disproportional to Plaintiff's needs in pursuing his claims because Defendant is no longer employed with NDOC and has no access to this documentation and the requested information has no likelihood to make the existence of a material fact more or less probable. The second amended complaint was filed on February 6, 2024, and emails from beyond that date are not relevant to these claims. Based on the foregoing objection, no responsive documents will be forthcoming.

Plaintiff does not provide argument about why this request for production seeks relevant information. Nonetheless, for the reasons outlined above, the Court sustains Huggins' objection that he has no access to the documents because he is no longer employed with NDOC. The Court therefore denies Plaintiff's motion to compel related to this request.

> 4.     First set of RFPs – RFP 44.
>
> RFP 44: Kindly furnish Internal Emails of HDSP caseworker Foronda to medical relating to Plaintiff on July 19, 2024.
>
> Response: Defendant objects to Request for Production No. 44 as irrelevant and disproportional to Plaintiff's needs in pursuing his claims because Defendant is no longer employed with NDOC and has no access to this documentation and the requested information has no likelihood to make the existence of a material fact more or less probable. The second amended complaint was filed on February 6, 2024, and emails from beyond that date are not relevant to these claims. Based on the foregoing objection, no responsive documents will be forthcoming.

Plaintiff does not provide argument about why this request for production seeks relevant information. Nonetheless, for the reasons outlined above, the Court sustains Huggins' objection that he has no access to the documents because he is no longer employed with NDOC. The Court therefore denies Plaintiff's motion to compel related to this request.

     5.    First set of RFPs – RFP 53.

RFP 53: Kindly furnish the Nevada Medical License of the party identified at Request No. 32.

Response: Defendant objects to Request for Production No. 53 as irrelevant and disproportional to Plaintiff's needs in pursuing his claims because Defendant is no longer employed with NDOC and has no access to this documentation, Dr. Kenneth Williams is the current medical director, and the requested information has no likelihood to make the existence of a material fact more or less probable. Based on the foregoing objections, no responsive documents will be forthcoming.

Plaintiff does not provide argument about why this request for production seeks relevant information. Nonetheless, for the reasons outlined above, the Court sustains Huggins' objection that he has no access to the documents because he is no longer employed with NDOC. The Court therefore denies Plaintiff's motion to compel related to this request.

     6.    First set of RFPs – RFP 55.

RFP 55: Kindly furnish the personnel complaint and Disciplinary History of defendant Huggins as it related to Use of Force and False Reporting.

Response: Defendant objects to Request for Production No. 55 as irrelevant and disproportional to Plaintiff's needs in pursuing his claims because Defendant is no longer employed with NDOC and has no access to this documentation. Defendant objects to Request for Production No. 55 because it seeks information that is subject to the official information privilege as the document is confidential and is not available to offenders. *See Manley v. Zimmer*, Case No. 3:11-cv-00636-RCJ-WGC, 2013 WL 5592328, at *12 (D. Nev. Oct. 9, 2013). Based on the foregoing objections, no responsive documents will be forthcoming.

Plaintiff argues for the first time in reply that the information sought in this request for production is relevant because it would show that Huggins has a history of violent behavior towards inmates, particularly when those inmates are in restraints or handcuffs.  The Court finds that this information would be relevant to Plaintiff's claims and theory of the case.  However, as before, Huggins has stated that he does not have access to his former employment records or personnel file.  And Plaintiff has not shown that Huggins should have possession or custody over these documents.  So, the Court sustains Huggins' objection on this ground and denies Plaintiff's motion to compel related to this request.

7.      First set of RFPs – RFP 56.

RFP 56: Kindly furnish documents which reflect the basis for and termination date of Huggins.

Response: Defendant objects to Request for Production No. 56 as irrelevant and disproportional to Plaintiff's needs in pursuing his claims because Defendant is no longer employed with NDOC and has no access to this documentation. Defendant objects to Request for Production No. 56 because it seeks information that is subject to the official information privilege as the document is confidential and is not available to offenders. *See Manley v. Zimmer*, Case No. 3:11-cv-00636-RCJ-WGC, 2013 WL 5592328, at *12 (D. Nev. Oct. 9, 2013). Based on the foregoing objections, no responsive documents will be forthcoming.

Plaintiff argues for the first time in reply that the information sought in this request is relevant to showing that Huggins used excessive force "sadistically and maliciously to cause harm to Plaintiff."  Plaintiff appears to be arguing that he believes that Huggins was terminated for his use of excessive force.  The Court therefore finds that the information sought is relevant.  But again, the Court sustains Huggins objection that he does not have access to this documentation because he is no longer employed by NDOC.

However, it is not clear if Huggins has any information responsive to this request in his own custody and control and is therefore withholding it on the basis of the official information privilege.  Given this lack of clarity, the Court will grant Plaintiff's motion to compel insofar as he requests a clearer answer from Huggins in response to this question.

8.    Second set of RFPs.

RFP 1: Kindly furnish video footage of Unit 10E pod for December 16, 2022 at 12:00 pm – 1600 hours.

Response: As previously answered in response to Request to Produce Nos. 45-46, Defendant is unable to locate any document responsive to this request. However, Defendant has produced video from IR-2022-HDSP-005195, which was produced with Bates stamping numbering NDOC001149. Plaintiff must kite the Warden's Office to review the video of him being moved to a red tag cell as he is not authorized to possess a video player in his cell.

Plaintiff argues for the first time in reply that the information sought in this request is relevant because it would show Huggins' use of excessive force while Plaintiff was handcuffed. Plaintiff asserts that Huggins' claim that the video footage does not exist is belied by the fact that on March 22, 2025, and July 9, 2025, Plaintiff was served with notices of charges, which notices NDOC stated were supported by video footage. Plaintiff argues that this means that NDOC is concealing video footage.

Plaintiff has attached copies of the notices of charges. (ECF No. 89 at 14-15). The notices are regarding incidents occurring on March 22, 2025, and July 9, 2025, not December 16, 2025. So, they are not evidence, as Plaintiff appears to suggest, that NDOC has destroyed footage from December 16, 2025. The Court cannot compel a party to produce something that does not exist. So, the Court will deny Plaintiff's motion to compel regarding this request for production.

**II.    Motion for appointment of counsel (ECF No. 91).**

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light

of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Here, neither of the factors in *Palmer*, likelihood of success on the merits or the ability of Plaintiff to articulate his claims, weigh in favor of the Court appointing Plaintiff counsel at this stage. While Plaintiff's case has passed screening, it has not yet passed the summary judgment stage. And while Plaintiff describes difficulties he faces in litigating his case given his administrative segregation, being in administrative segregation is itself not an exceptional circumstance. *See Sullivan v. Warden of S. Desert Corr. Facility*, No. 2:23-cv-01203-JAD-NJK, 2025 WL 1645234, at *2 (D. Nev. June 10, 2025). Plaintiff also has demonstrated an ability to articulate his claims and file his motions and appears to maintain sufficient access to resources whether through another inmate or on his own. Considering both the merits of this case and Plaintiff's ability to articulate his claims, the Court does not find exceptional circumstances at this stage of the litigation. The Court therefore denies Plaintiff's request without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 84) is **granted in part and denied in part**. It is granted in part only to the extent that Huggins must amend his response to RFP 56 to make it clear whether or not he has any information responsive to this request in his own custody and control and, if so, whether he is therefore withholding it on the basis of the official information privilege. Huggins must provide this amended response to Plaintiff on or before **May 14, 2026**. Plaintiff's motion to compel is denied in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 91) is **denied** without prejudice.

DATED: April 14, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE